UNITRIN AUTO AND HOME INSURANCE COMPANY, Plaintiff v. GREGORY SCOTT RIKARD, Executor of the Estate of DELBERT RIKARD and CAROLYN RIKARD, Defendants

No. COA11-713

(Filed 6 December 2011)

**Insurance—underinsured motorist coverage—selection or rejection—default amount**

The trial court did not err in an action arising from an automobile accident by concluding that plaintiff provided defendants with multiple opportunities to select or reject underinsured motorist (UIM) coverage and its judgment that the applicable amount of UIM coverage was the default amount rather than the maximum amount.

Appeal by Defendants from judgment entered 23 February 2011 by Judge Richard L. Doughton in Cleveland County Superior Court. Heard in the Court of Appeals 9 November 2011.

*Brotherton Ford Yeoman Berry & Weaver, PLLC, by Joseph F. Brotherton and Steven P. Weaver, for Plaintiff.*

*Cerwin Law Firm, P.C., by Todd R. Cerwin, for Defendants.*

STEPHENS, Judge.

This appeal arises from a car accident which occurred on 25 November 2008 near Shelby. On that date, the car in which seventy-two-year-old Delbert Rikard and his seventy-year-old wife, Carolyn (collectively, "the Rikards"), were traveling was struck head-on by a car owned by Martha Bennett Allen and driven by Bristol Michelle Leonhardt. The Rikards were seriously injured and endured lengthy hospitalizations, incurring damages in excess of the available liability

limits of Allen's and Leonhardt's insurance policies. The Rickards then sought additional coverage from Plaintiff Unitrin Auto and Home Insurance Company ("Unitrin").

Unitrin insured the Rikards under a combined auto and home-owners liability insurance policy with effective dates of 26 January 2008 through 26 January 2009 ("the policy"). The declarations page of the policy provides combined uninsured/underinsured ("UM/UIM") motorist coverage of $50,000 per person and $100,000 per accident. Delbert Rikard first obtained insurance coverage from Unitrin in 2003. Thereafter, Unitrin mailed the Rikards annual renewal packets, each of which contained a declarations page. The declarations page for the policy listed seven attached endorsements including Endorsement AK3847, titled "UM/UIM Rejection/Selection." Endorsement AK3847 appears in the policy blank and uncompleted. Each time he received a renewal packet, Delbert Rickard paid the premium bill which arrived by separate mailing and received proof of insurance cards for his vehicles, but never read the policy endorsements or signed Endorsement AK3847.

On 2 September 2009, Unitrin filed a complaint against the Rickards, seeking a declaration of the limits of UIM coverage available to them under the policy. Unitrin asserted that, because the Rickards never selected a higher UIM amount, the statutory default amount applied. The Rickards contended that, because Unitrin never properly notified them of their option to select a higher UIM amount, they were entitled to the maximum coverage amount.

On 3 May 2010, Unitrin moved for summary judgment, which motion the court denied. On 28 November 2010, Delbert Rickard died, and on 19 January 2011, the trial court entered a consent order substituting Defendant Gregory Scott Rikard, Delbert Rickard's son and executor of his estate, as a defendant in this action. Following a bench trial, the court entered judgment on 23 February 2011, concluding, inter alia, that Unitrin "provided [the Rikards] with multiple opportunities to select or reject underinsured motorist coverage" by including Endorsement AK3847 in Unitrin's annual policy renewal mailings. As a result, the court concluded that the statutory default amount of UIM coverage applied under the policy. Defendants appeal, contending this conclusion is not supported by the court's findings of fact. We affirm.

On appeal from a bench trial, we review only "whether there is competent evidence to support the trial court's findings of fact and

UNITRIN AUTO & HOME INS. CO. v. RIKARD

[217 N.C. App. 393 (2011)]

whether the findings support the conclusions of law and ensuing judgment." *Sessler v. Marsh*, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163 (citation omitted), *disc. review denied*, 354 N.C. 365, 556 S.E.2d 577 (2001).

The Financial Responsibility Act (the "Act") mandates that an insured must be notified of the option to select UIM coverage "in an amount not to be less than the financial responsibility amounts for bodily injury liability as set forth in G.S. 20-279.5 [$25,000 and $50,000] nor greater than one million dollars." N.C. Gen. Stat. § 20-279.21(b)(4) (2008).[1] The Act also contains a default provision: "If the named insured . . . does not reject underinsured motorist coverage and does not select different coverage limits, the amount of underinsured motorist coverage shall be equal to the highest limit of bodily injury [and property damage] liability coverage for any one vehicle in the policy." *Id*. Further,

> [w]here the insurer attempts to notify the insured of the $1,000,000.00 maximum UM/UIM coverage, but there is neither a valid rejection of that coverage nor a selection of different coverage limits, an insured is entitled to the highest limit of bodily injury liability coverage on the insured's policy. However, if there is a *total failure* by the insurer to notify the insured that he or she may purchase up to $ 1,000,000.00 in UM/UIM coverage, then the insured is entitled to $1,000,000.00 in coverage.

*Nationwide Prop. & Cas. Ins. Co. v. Martinson*, ___ N.C. App. ___, ___, 701 S.E.2d 390, 396 (2010) (internal citations and quotation marks omitted), *disc. review denied*, ___ N.C. ___, 706 S.E.2d 256 (2011).[2]

In *Martinson*, the insurance company presented evidence it had mailed the insureds a UM/UIM selection/rejection form. *Id*. at ___, 701 S.E.2d at 397-98. However, the insureds claimed they never received or saw the form prior to the accident for which they sought UM coverage. *Id*. We held "[t]he mailing of the selection/rejection form was sufficient to preclude a holding that a total failure to notify

1. Effective 1 February 2010, N.C. Gen. Stat. § 20-279.21 was amended. The amended version of the statute is not at issue here.

2. In *Martinson*, we considered subsection (b)(3) of N.C. Gen. Stat. § 20-279.21 which concerns UM coverage, rather than subsection (b)(4) which concerns UIM coverage. However, the relevant sentence in each subsection (setting default coverage when an insured neither accepts nor rejects UM/UIM limits) is identical except for the words "uninsured" and "underinsured."

**IN RE M. M.**

[217 N.C. App. 396 (2011)]

occurred." *Id.* at ___, 701 S.E.2d at 399. In light of the identical operative language in subsections (b)(3) and (b)(4), we explicitly extend the reasoning of *Martinson* to questions of UIM coverage and conclude that the findings of fact here fully support the challenged conclusion of law.

Defendants do not challenge the trial court's findings of fact and concede they are supported by competent evidence. Finding of fact 7 states that the Rickards renewed their policy with Unitrin on five occasions prior to the 25 November 2008 accident. Finding 18 states that a UM/UIM selection/rejection form was included in each renewal packet Unitrin mailed to the Rickards. These findings fully support the trial court's conclusion that Unitrin "provided [the Rikards] with multiple opportunities to select or reject underinsured motorist coverage" and its judgment that the applicable amount of UIM coverage is the default amount, rather than the maximum amount. Accordingly, the trial court's judgment is

AFFIRMED.

Judges BRYANT and ELMORE concur.